**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                           No. 98-4703

EDWARD ALLEN PINERO,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-97-37)

Submitted: June 17, 1999

Decided: June 25, 1999

Before MURNAGHAN and TRAXLER, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Lloyd Snook, III, SNOOK & HAUGHEY, P.C., Charlottesville,
Virginia, for Appellant. Robert P. Crouch, Jr., United States Attorney,
Jean B. Hudson, Assistant United States Attorney, Charlottesville,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Edward Allen Pinero[1] entered a guilty plea to conspiracy to possess crack cocaine with intent to distribute, see 21 U.S.C. § 846 (1994), possession of crack cocaine with intent to distribute, see 21 U.S.C. § 841(a) (1994), and distribution of crack cocaine, see 21 U.S.C. § 841. Pinero was sentenced as a career offender to 262 months imprisonment. He contends on appeal that the district court erred in sentencing him as a career offender. We affirm.

A defendant is a career offender if (1) he was at least eighteen years old when he committed the instant offense, (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense, and (3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. See U.S. Sentencing Guidelines Manual § 4B1.1 (1998). The two prior felonies must be counted separately in computing his criminal history. See USSG § 4B1.2(c). Pinero met all these conditions. Although he raised an objection to the probation officer's recommendation that he be sentenced as a career offender, he withdrew the objection at the sentencing hearing.[2] On appeal, he contends that his two prior felony drug convictions were related cases and should be treated as one sentence in calculating his criminal history. See USSG § 4A1.2(a)(2) & comment. (n.3).

We review the issue under the plain error standard because it was not preserved for appeal. See United States v. Olano, 507 U.S. 725, 732 (1993) (alleged error not preserved by timely objection will be

_____

[1] Appellant's name is spelled "Pineiro" on some court documents.
[2] Pinero's short-lived objection to career offender status in the district court was based on his belief that he was sentenced for both prior offenses at the same time. His memory proved to be faulty.

2

noticed only if error occurred which was plain, affected defendant's substantial rights, and must be corrected to protect fairness, integrity, or public reputation of judicial proceedings). Because Pinero was arrested for the first prior drug offense before he committed the second prior drug offense, the two cases cannot be related cases. Under Application Note 3 to § 4A1.2, prior sentences are not considered related if they are separated by an intervening arrest, even if the two offenses were part of a common scheme or plan. Pinero was properly sentenced as a career offender.

We therefore affirm the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3